IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HODGES | : | CIVIL ACTION |
| Petitioner | : | |
| vs. | : | |
| | : | NO.   08-CV-2483 |
| ROBERT SHANNON, et al. | : | |
| Respondents | : | |

**ORDER**

AND NOW, this 3rd day of August, 2009, upon an independent and thorough review of the Petitioner's *pro se* Petition for Writ of Habeas Corpus[1] and the state court record and after conducting a *de novo* review[2] of Magistrate Judge Lynne A. Sitarski's Report and

---

[1] Petitioner identifies four grounds for relief in his original Petition. Specifically, he cites his trial counsel's failure to call three witnesses on his behalf: Rashad Cunningham, Nyree Cunningham, and the Petitioner himself. See (Pet. 9-10). The Petitioner also cites as a ground for relief the trial court's ruling with respect to a statement that he intended to present at trial through the testimony of his grandmother. (Pet. 10.) However, subsequent filings by the Petitioner omitted trial counsel's failure to call Nyree Cunningham as a ground for relief. See (Pet. Brf.; Pet. Obj.). As a result, Judge Sitarski treated this claim as waived. See (Rep. & Rec. 4-5 n.2). The Court finds no error with treating this claim as waived, as the Petitioner was given formal notice that Judge Sitarski would not consider claims that were not fully briefed. See (June 26, 2008 Order ¶ 1). Further, the Petitioner did not object to Judge Sitarski's treatment of this claim as waived. See (Pet. Obj.). Thus, the Petitioner's claims are limited to trial counsel's failure to call Rashad Cunningham and the Petitioner, along with the trial court's ruling with respect to the statement that the Petitioner intended to introduce through the testimony of his grandmother.

[2] Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

Recommendation, in light of the Petitioner's Objections thereto, IT IS ORDERED that:

    1.     The Report and Recommendation, (Doc. No. 16), is APPROVED and ADOPTED;[3]

---

evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

[3] Judge Sitarski agreed with the state court's resolution of the Petitioner's claim for relief based on the ineffective assistance of trial counsel for counsel's failure to interview and call Rashad Cunningham as a witness at trial. Among the factors that Judge Sitarski considered are the following: (1) Petitioner's acknowledgment that he was satisfied with trial counsel's strategy (Rep. & Rec. 11); (2) Mr. Cunningham's proffered testimony would have actually furthered the Commonwealth's accomplice liability theory by placing the Petitioner within one block of the crime scene shortly after the fatal shooting and reemphasized the verbal and physical encounter between the Petitioner and the decedent that was believed to have led the shooting (id. at 12-13); (3) Mr. Cunningham had a criminal history and was incarcerated at the time of trial (id. at 12); and (4) no one ever saw Mr. Cunningham on the night of the shooting even though he was allegedly with the Petitioner who was identified as being near the crime scene at the time of the shooting by other witnesses who testified at trial (id. at 12).

Judge Sitarski also agreed with the state court's resolution of the Petitioner's claim for relief based on the ineffective assistance of trial counsel for counsel's failure to call the Petitioner to testify. Here, Judge Sitarski noted the extensive on-the-record colloquy conducted by the trial court advising the Petitioner of his right to testify, how examination would proceed, and his right to remain silent. (Id. at 14). In fact, there were two such colloquies over the course of the trial. (N.T. 6/4/01 at 330-31; N.T. 6/5/01 at 431-32.) Further, the colloquies indicated that counsel spoke with Petitioner about his right to testify. (Id.) Judge Sitarski then noted the Petitioner's acknowledgment of his rights, his waiver of those rights, and his statement that he was satisfied with the overall representation of counsel. (Rep. & Rec. at 14.)

Lastly, Judge Sitarski agreed with the state court's resolution of Petitioner's claim for relief based on the trial court's refusal to permit the Petitioner's grandmother from testifying as to a confession made to her by a third party. Specifically, Judge Sitarski noted that the state court determined that the proffered confession was inadmissible hearsay under Pennsylvania state law and that the application of that rule to the statement, which barred its introduction, did not violate the federal constitution. (Id. at 18.)

The Court agrees with Judge Sitarski that the state court adjudications of these issues, particularly in light of the foregoing, were neither contrary to nor unreasonable applications of clearly established federal law as determined by the United States Supreme Court.

    2.      The Petitioner's Objections, (Doc. No. 20), are OVERRULED;[4]

    3.      The Petition for Writ of Habeas Corpus, (Doc. No. 1), is DISMISSED; and

    4.      There is no basis for the issuance of a certificate of appealability.[5]


BY THE COURT:


_____
THOMAS M. GOLDEN, J.

---

[4] The Petitioner objected to Judge Sitarski's Report and Recommendation by restating his claims for relief.  He made no specific objections to any factual findings or legal conclusions.  Nevertheless, the Court undertook a *de novo* review of the Report in light of the Petitioner's *pro se* status.

    The Court notes however that the Petitioner erroneously states that the Respondents requested an evidentiary hearing.  While the Respondents do point out the paucity of facts underlying the Petitioner's claim regarding Mr. Cunningham in their Response and Supplemental Response, along with the possibility that an evidentiary hearing could clarify the record, the Respondents also noted that the issue could be resolved without a hearing.  See (Resp. 24-30; Suppl. Resp. 4-6).  Further, the Court finds that the issue was resolvable based on the thorough record as it currently exists.

[5] A certificate of appealability will not be issued because "jurists of reason" could not disagree with the Court's resolution of the Petitioner's constitutional claims or "conclude [that] the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (discussing AEDPA standards for issuing COA in Section 2254 habeas petition); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").